UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN JONES,

    Plaintiff,

v.                               Case No. 8:16-cv-623-T-33JSS

HERITAGE-CRYSTAL CLEAN, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Heritage-Crystal Clean, LLC's Motion to Dismiss Count II of Plaintiff's Complaint, filed on April 25, 2016. (Doc. # 18). Plaintiff Calvin Jones filed a Response in Opposition to the Motion on May 9, 2016 (Doc. # 20), and Heritage filed a Reply (Doc. # 24), with leave of Court, on May 20, 2016. For the reasons that follow, this Court grants Heritage's Motion to Dismiss. However, in the interests of fairness, the Court will allow Jones until and including **June 28, 2016**, to file an Amended Complaint with respect to Count II.

**I.**   **Factual Background**

The following factual allegations are taken as true for the purposes of resolving the Motion to Dismiss. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th

Cir. 1990). Heritage hired Jones, an African-American, as a Route Sales and Service Representative on April 11, 2011. (Doc. # 1 at ¶ 12). During his employment, Jones was "responsible for providing sales and service of parts, cleaner equipment, and environmental waste services to automotive and industrial businesses" along a pre-planned route in the Tampa Bay area. (Id. at ¶¶ 13, 21).

In May of 2011, Heritage hired Adam Mefferd, who is Caucasian, to serve as the Branch Manager in Heritage's Tampa office. (Id. at ¶ 16). On his first day as Branch Manager, Mefferd called Jones into his office and told him, "I have never worked with a black person before, let alone managed a black person." (Id. at ¶ 17). Mefferd continued by saying, "I hope you don't smell like the first black person I met" and characterized that person as "raunchy and rank." (Id. at ¶¶ 18-19).

Jones left the meeting feeling "humiliated and angry" and immediately placed a call to Heritage's Human Resources department to report the incident. (Id. at ¶ 20). The following day, Heritage reassigned Jones to "the least desirable route in the Tampa Office." (Id. at ¶ 22). In the winter of 2013, Heritage suspended Jones without pay due to a discrepancy in his paperwork, but he was later reinstated.

(Id. at ¶¶ 29-31). Then, in January of 2014, Heritage transferred Jones to its Louisiana branch. (Id. at ¶ 35). Both before and after the transfer, Jones alleges he was "harassed" through "write-ups and complaints." (Id. at ¶ 36). Jones claims that "Caucasian employees did not receive formal or informal warnings" for the same conduct. (Id. at ¶ 27).

On February 7, 2014, Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). (Doc. # 1-2). Jones indicates that he "was contacted by [Heritage's] management and encouraged to drop the charge, but he refused." (Doc. # 1 at ¶ 39). Jones further alleges that on September 24, 2014, he "was terminated in direct retaliation for his filing of a charge with the EEOC." (Id. at ¶ 40).

On March 14, 2016, Jones filed a separate Charge of Discrimination with the EEOC based on his termination; however, the EEOC dismissed that Charge because it was untimely. (Doc. # 18 at 2; Doc. # 20 at 3). Thereafter, on March 16, 2016, Jones instituted this action against Heritage in a two count Complaint for race discrimination (Count I) and retaliation (Count II). (Doc. # 1). At this juncture, Heritage seeks dismissal of Count II.

**II.  Legal Standard**

At the Motion to Dismiss stage, this court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, "the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." <u>Stephens</u>, 901 F.2d at 1573. However, the Supreme Court explains:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted). Additionally, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 106 S.Ct. 2932, 2944 (1986).

**III.  Analysis**

Title VII of the Civil Rights Act of 1964 generally forbids employers from discriminating against individuals "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)). Additionally,

4

42 U.S.C. § 1997d protects those reporting Title VII violations from retaliation, which has been defined as "any employer action that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Thompson v. N. Am. Stainless, LP, 562 U.S. 170, 174 (2011)(internal citations omitted).

Heritage correctly argues that Count II is time barred to the extent that it seeks redress for retaliatory discharge. Jones alleges he was terminated on September 24, 2014, in retaliation for filing his initial Charge with the EEOC on February 7, 2014. (Doc. # 1 at ¶ 40). Accordingly, Jones was required to file a separate Charge of Discrimination with respect to his termination by March 23, 2015.

As explained in 42 U.S.C. § 2000e-5(e)(1), before a Title VII complaint may be filed in federal or state court, a claimant must first file a timely Charge of Discrimination with the EEOC. The Charge must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred" so the EEOC may launch a formal investigation into the discrimination. Id. If the Commission determines there is reasonable cause to believe discriminatory practice exists, "the Commission shall endeavor to eliminate any such alleged unlawful employment

5

practice by informal methods of conference, conciliation and persuasion." 42 U.S.C. § 2000e-5(b). If the Commission determines there is not probable cause to believe unlawful discrimination occurred, "it shall dismiss the charge." Id. Upon dismissal, the EEOC shall notify the aggrieved party who may then bring a civil action against the respondent within 90 days. 42 U.S.C. § 2000e-5(f).

The purpose of the exhaustion requirement "is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't. of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (internal citations omitted); see also Wu v. Thomas, 863 F.2d 1543, 1548 (11th Cir. 1989)("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC").

Heritage correctly points out that the 180 day deadline to file a Charge with the EEOC begins on the day a discrete discriminatory act occurs. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). "Each discriminatory act starts a new clock for filing charges alleging that act." Id. at 113. Discrete discriminatory acts include "termination,

6

failure to promote, denial of transfer, or refusal to hire" because these acts are "easy to identify" and consequently constitute "a separate actionable unlawful employment practice." Id. at 114. Therefore, under Morgan, discrete discriminatory acts that occurred before August 11, 2013, 180 days before the EEOC Charge was filed, fall outside the scope of the EEOC complaint and are not actionable under 42 U.S.C. § 2000e-5(e). However, Morgan does not address whether discrete discriminatory acts that occurred after the EEOC charge is filed are equally time barred.

Since 2002, when Morgan was decided, district courts within the Eleventh Circuit have been split on whether new EEOC complaints are needed to exhaust administrative remedies for discrete discriminatory acts that occur after the original EEOC charge is filed. See Garcia v. Baptist Health S. Fla., Inc., No. 12-23765-CIV, 2013 WL 632963, at *4 (S.D. Fla. Feb. 20, 2013)("post-Morgan district court decisions within the Eleventh Circuit have resulted in a stark split of opinion"). However, the Eleventh Circuit's decision in Duble v. FedEx Ground Package Sys., Inc., 572 Fed. Appx. 889 (11th Cir. 2014), offers guidance on this issue.

In Duble, the plaintiff filed an EEOC charge alleging disability discrimination and retaliation on March 6, 2009.

7

Id. at 891. On November 19, 2009, Duble was fired and filed suit alleging FedEx "retaliated against him for engaging in protected activities by . . . terminating him." Id. at 891-92. Duble did not amend his original EEOC complaint to add the termination-based retaliation claim within the statutory period, nor did he file a new complaint alleging termination stemming from retaliation. Id. at 893. The Eleventh Circuit held Duble "failed to exhaust his administrative remedies regarding his termination claims," by not "amend[ing] his EEOC charge or fil[ing] a new charge relating to his termination. Id.

Jones argues this matter is distinguishable from Duble because Jones communicated his termination-based retaliation claim to the EEOC Investigator within the statutory time period. (Doc. # 20 at ¶ 6). However, the Complaint contains no allegations regarding Jones' comments to the EEOC Investigator. (Doc. # 1). On a Rule 12(b)(6) Motion to Dismiss, a court's review is limited to the four corners of the complaint. Hatcher v. DeSoto Cty. Sch. Dist. Bd. of Educ., 939 F. Supp. 2d 1232, 1237 (S.D. Fla. 2013)("In the context of a motion to dismiss, the Court . . . limit[s] its review to the four corners of the complaint"). Accordingly, Jones'

alleged communications with the EEOC Investigator may not be considered in determining Heritage's Motion to Dismiss.

Furthermore, even if the facts Jones alleges in the Response are taken as true, Jones cites no applicable case law showing either (1) notification of a post-complaint retaliation claim constitutes an amendment to the initial complaint, or (2) the statutory time period should be tolled. Rather, Jones argues, "any deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue." (Doc. # 20 at 4) (citing Wilkerson v. Grinnel Corp., 270 F.3d 1314, 1321 (11th Cir. 2001)). Jones asserts the EEOC failed to perform its duties by promising Jones "his Investigator would investigate the allegations of retaliation and that said allegations were incorporated or would be incorporated into the 2014 Charge." (Doc. # 20 at 4). However, Jones has not presented any case law supporting this manner of exception to the exhaustion requirement. Jones relies solely on Wilkerson, in which the Eleventh Circuit held Wilkerson's timely filed intake questionnaire with the EEOC constituted a timely filed charge under 42 U.S.C. § 2000e-5(e) because the questionnaire manifested a clear intent to bring a charge. (Doc. # 24 at ¶ 9). As Jones' intent to bring a Charge through his original EEOC complaint is not

9

at issue in this case, and Wilkerson does not touch on the impact of post-complaint communications with the EEOC, Wilkerson does little to further Jones' arguments.

Accordingly, Count II of the Complaint is dismissed as far as that count encompasses retaliation claims stemming from Jones' termination on September 24, 2014. If Jones wishes to allege separate timely retaliation claims, the Court grants him until **June 28, 2016,** to amend his Complaint, consistent with the foregoing analysis.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Heritage's Motion to Dismiss Count II of Jones' Complaint (Doc. # 18) is **GRANTED** to the extent it seeks dismissal of claims based on Jones' September 24, 2014, termination in retaliation for filing a charge with the EEOC on February 7, 2014.

(2) Jones may file an Amended Complaint on or before **June 28, 2016,** consistent with the foregoing analysis.

**DONE** and **ORDERED**, in Chambers in Tampa, Florida, this 21st day of June, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE