```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CALVIN JONES,

        Plaintiff,        Case No. 8:16-cv-623-T-33JSS

v.

HERITAGE-CRYSTAL CLEAN, LLC,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Heritage-Crystal Clean, LLC's Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. # 27) and Motion to Strike Portions of Plaintiff's First Amended Complaint (Doc. # 29), both filed on July 12, 2016. Plaintiff Calvin Jones filed a Response to the Motions on July 26, 2016. (Doc. # 30). As explained below, the Motion to Dismiss is granted and the Motion to Strike is denied.

**I.   Background**

Jones worked for Heritage-Crystal Clean from April of 2011, to September of 2014, as a sales and service representative. He claims that one of his Caucasian supervisors, Adam Mefferd, made negative comments to him on the basis of his race, African American, and that "he was alienated and harassed by his supervisor through write ups and complaints." (Doc. # 26 at ¶ 24).

For instance, Jones asserts that Mefferd called Jones into his office and told him: "I have never worked with a black person before let alone managed a black person." (Id. at ¶ 17). Meffred continued by saying, "I hope you don't smell like the first black person I met," and characterized that person as "raunchy and rank." (Id. at ¶¶ 19-20). Jones left the meeting feeling "humiliated and angry" and contacted Heritage-Crystal Clean's human resources department that day. (Id. at ¶ 20).

The very next day, Heritage-Crystal Clean changed Jones's route to a less desirable, "long distance route sending him from Tampa all the way to Marco Island each day." (Id. at ¶ 21). The new route could not be made during normal business hours and Jones "was forced to change his schedule to begin work at 3:00 AM." (Id. at ¶ 23). Jones also contends that he was "constantly harassed for issues for which Caucasian employees would not receive a formal or informal warning." (Id. at ¶ 27). "Mefferd fired Mr. Jones" based on the unfounded accusations of another Caucasian employee, but Jones was eventually cleared of any wrongdoing. (Id. at ¶¶ 29-31).

"Jones was still out of work and waiting reinstatement" but "was forced to seek transfer away from the Tampa branch" because he feared further reprisal from Mefferd. (Id. at ¶

-2-

33). Jones was "transferred to Louisiana in January of 2014," but claims that Mefferd continued to malign and harass him "even after his transfer including additional unfounded and unsubstantiated accusations regarding fraudulent activity." (Id. at ¶ 36).

On February 7, 2014, Jones filed a formal Charge of Discrimination with the EEOC alleging discrimination on the basis of his race. (Doc. # 1-2). Heritage-Crystal Clean terminated Jones on September 24, 2014. (Doc. # 26 at ¶ 40). Jones initiated this lawsuit on March 16, 2016, by filing a two count Complaint against Heritage-Crystal Clean alleging race discrimination (count I) and retaliation (count II). (Doc. # 1). Upon Heritage Crystal-Clean's motion (Doc. # 18), the Court dismissed count II in so far as it sought redress for retaliatory termination because Jones did not file a timely charge of discrimination encompassing these allegations – specifically, the Charge of Discrimination was filed prior to Jones's termination. (Doc. # 25). However, the Court authorized Jones to file an Amended Complaint consistent with the Court's discussion outlining which claims were timely and which ones were not. Jones filed an Amended Complaint on June 28, 2016, containing a single count: "Count One: Race Discrimination, Disparate Treatment and Hostile Work

Environment." (Doc. # 26).

At this juncture, Heritage-Crystal Clean seeks an Order dismissing or striking the following paragraphs of the Amended Complaint: ¶¶ 33, 40, 42.  Heritage Crystal-Clean explains that these paragraphs of the Amended Complaint seek redress for Jones's transfer from Tampa, Florida to Louisiana.  For instance, paragraph 33 states: "Because Mr. Mefferd was clearly seeking to terminate him and Mr. Jones . . . was still out of work and waiting reinstatement in Tampa, Mr. Jones was forced to seek transfer away from the Tampa Branch." (Doc. # 26 at ¶ 33).  Likewise paragraph 42 alleges that Heritage-Crystal Clean "force[d] him to transfer himself and his entire family to Louisiana, and then fire[d] him." (Id. at ¶ 42).

Heritage-Crystal Clean argues that these paragraphs are subject to being stricken or dismissed because Jones never mentioned his transfer to Louisiana in a Charge of Discrimination, which is a prerequisite to seeking redress for any damages associated with his transfer.  Jones concedes that "he did not specifically and distinctly memorialize the fact that he was transferred . . . in his EEOC charge." (Doc. # 30 at 1). But, he nevertheless contends that "his transfer was indistinguishable from his rehiring after his second suspension in January of 2014." (Id.).

-4-

## II. Legal Standard

### A. 12(b)(6) Motion to Dismiss

On a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

**B.    12(f) Motion to Strike**

Pursuant to Rule 12(f), Fed. R. Civ. P., a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In addition, courts are at liberty to strike material that bears "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." <u>Ayers v. Consol. Constr. Servs. of SW Fla., Inc.</u>, 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." <u>Royal Ins. Co. of Am. v. M/Y Anastasia</u>, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997).

**III. <u>Analysis</u>**

To begin, the Court declines to utilize the draconian remedy of striking factual allegations from the Amended Complaint pursuant to Rule 12(f). Jones is an individual who feels that he was the victim of race discrimination at his workplace, and his Complaint and Amended Complaint contain his version of the facts from the beginning of his employment

relationship with Heritage-Crystal Clean in Tampa, Florida to his transfer to Louisiana, and this subsequent termination.

The allegations Heritage-Crystal Clean seeks to strike are not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Rather, the allegations in question provide helpful context and background information. For instance, they explain to the fact finder how Jones began his employment relationship in Florida and ended up in Louisiana. As will be explained below, the Court finds that Jones is prohibited from seeking relief based on his transfer to Louisiana due to the absence of a specific Charge of Discrimination referencing his transfer. However, the allegations regarding his transfer are not subject to being stricken pursuant to Rule 12(f). The Court will accordingly evaluate the allegations in question under the prism of Rule 12(b)(6).

The Court's June 21, 2016, Order granting Heritage-Crystal Clean's Motion to Dismiss explained: "before a Title VII complaint may be filed in federal or state court, a claimant must first file a timely Charge of Discrimination with the EEOC." (Doc. # 25 at 5). The Charge must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred" so that the EEOC may launch a

formal investigation into the discrimination." 42 U.S.C. § 2000e-5(e)(1).

The purpose of the exhaustion requirement "is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004)(internal citations omitted).

Here, Heritage-Crystal Clean correctly argues that the 180 day deadline for bringing a Charge with the EEOC begins on the date a discrete act of discrimination occurs. As stated in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002), "Each discriminatory act starts a new clock for filing charges alleging that act."

Discrete acts of discrimination include "termination, failure to promote, denial of transfer, or refusal to hire." Id. These acts are "easy to identify" and constitute "a separate actionable unlawful employment practice." Id. at 114. The Court's prior Order determined that Jones could not pursue his claim for retaliatory discharge because he did not file a Charge of Discrimination within 180 days of his termination. Specifically, Jones filed his Charge of Discrimination on February 7, 2014, and was terminated on September 24, 2014.

Just like termination is a discrete act that must be described in a Charge of Discrimination, allegations regarding a transfer, too, must be enunciated in an EEOC Charge. See <u>Meidling v. Walgreen Co.</u>, No. 8:12-cv-2268-T-30TBM, 2014 WL 2700742, at *4 (M.D. Fla. June 13, 2014)(determining that involuntary transfer to an "unpopular" or less desirable location is a discrete act of discrimination); <u>Grier v. Snow</u>, No. 1:04-cv-397-JTC, 2006 WL 5440387 (N.D. Ga. Mar. 15, 2006)(transfer was a discrete act of employment discrimination and was time barred based on the failure of the plaintiff to describe the transfer in a charge of discrimination).

As noted, Jones "admits that he did not specifically and distinctly memorialize the fact that he was transferred from the most profitable route in the country in his EEOC Charge." (Doc. # 30 at 1). However, Jones "believes that his transfer was indistinguishable from his rehiring after his second suspension in January of 2014." (<u>Id.</u>). The Court has carefully evaluated the language in his February 2014 Charge, and determines that it does not encompass or otherwise describe the discrete act of transferring Jones from Florida to Louisiana in January of 2014. Notably, the Charge makes no reference to a transfer or to the Louisiana location.

The Court accordingly grants Heritage-Crystal Clean's

Motion to Dismiss to the extent that Jones is not permitted to seek relief for his transfer from Florida to Louisiana.  Just like his retaliatory discharge theory, his discriminatory transfer claim is time barred.  See Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 188 (1st Cir. 2003)(employment transfers constitute discrete acts, which were time barred despite being related to acts that were timely alleged).

The Court does not require Jones to file a Second Amended Complaint.  The allegations regarding his transfer to Louisiana are a part of the succession of facts, inclusion which is not likely to cause confusion or prejudice.  However, at this point, it should be apparent to Jones that he may not seek relief for discrete acts of alleged employment discrimination that were not memorialized in a timely Charge of Discrimination filed with the EEOC.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Heritage-Crystal Clean, LLC's Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. # 27) is **GRANTED** to the extent that Jones is precluded from seeking relief for his transfer to Louisiana.

(2) Defendant Heritage-Crystal Clean, LLC's Motion to Strike Portions of Plaintiff's First Amended Complaint (Doc. #

29) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of July, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE